# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:10-CR-40 |
| | ) | |
| JOSE ZAPATA | ) | |

## OPINION & ORDER

The Defendant, Jose Zapata, pled guilty to one count of distributing materials involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2). He is awaiting sentencing. This matter is before the Court on the Defendant's Sentencing Memorandum [ECF No. 41] requesting a sentence below the applicable advisory Sentencing Guidelines range based on the statutory factors in 18 U.S.C. § 3553(a). The Government argues that the facts in this case warrant no such departure. The Court held an evidentiary hearing on this issue on June 10, 2011. At the conclusion of that hearing, the parties advised that there was no further evidentiary presentation they sought to present for the Court's consideration on this matter. The Defendant filed his Sentencing Memorandum on July 22, the Government filed its Response [ECF No. 42] on August 29, and the Defendant filed a Reply [ECF No. 43] on September 9. For the reasons provided below the Court will sentence the Defendant to a term of imprisonment equal to the statutory mandatory minimum of 60 months.

## BACKGROUND

The Defendant plead guilty to distributing child pornographic images by posting to a website utilized by an e-group of individuals trading child pornography. The Defendant uploaded a total of 144 images of child pornography in two uploads, one made in December 2007 and one in January 2008. In April 2009 the Federal Bureau of Investigation (FBI) investigated the website

used by the Defendant and in September 2009 law enforcement interviewed the Defendant and recovered nine digital media devices from his home. The FBI found approximately 4,000 images of child pornography on one of the digital media devices taken from the Defendant's home and found no child pornography on the other devices. An FBI review of the images indicated that they included depictions of sadomasochism and of prepubescent minors or minors under the age of 12.

On July 19, 2010, the Defendant and the Government entered a written Amended Plea Agreement in which the Defendant agreed to plead guilty to Count 1 of the Indictment in return for the dismissal of Count 2 and for the Government's recommendations that he receive a reduction for acceptance of responsibility and a sentence equal to the minimum of the applicable guideline range. Also on July 19, 2010, the Court conducted a change of plea hearing and accepted the Defendant's plea of guilty to Count 1 of the Indictment. The Court referred the matter to Probation and Pretrial Services for the preparation of a presentence investigation report (the PSR).

The PSR sets a base offense level of 22 under U.S.S.G. § 2G2.2(a). It applies an enhancement of 2 levels because the offense involved depictions of prepubescent minors who had not attained the age of 12 years, § 2G2.2(b)(2); an enhancement of 2 levels because the material was distributed by the Defendant, § 2G2.2(b)(3)(F); an enhancement of 4 levels because the offense involved material portraying sadistic conduct or other depictions of violence, § 2G2.2(b)(4); an enhancement of 2 levels for use of a computer, § 2G2.2(b)(6); and an enhancement of 5 levels based on the number of images possessed, § 2G2.2(b)(7)(D). The PSR recommended a 3-level reduction for acceptance of responsibility under § 3E1.1(a) and (b)

because the Defendant entered a timely guilty plea. This yielded a total offense level of 34. Coupled with the Defendant's criminal history category of I, the advisory guideline range of imprisonment is reported in the PSR as 151 to 188 months.

The Defendant is a 40 year old male with no criminal history. He served for five years in the Navy and was honorably discharged. He has worked in emergency management services and has a long history of volunteer work for the Red Cross and other service organizations. The Defendant has been married to his second and current wife since 1999. The couple has one child, age 11, who lives with the Defendant and his wife. Since his arrest the Defendant has regularly participated in counseling. A licensed therapist from Life Center Counseling Services, Marion, Indiana, interviewed both the Defendant and his son to evaluate any potential danger to the son posed by the Defendant and found no cause for concern. The Defendant is an active participant in his church community. Subsequent to his arrest the Defendant made an admission of his crime before his church community and entered into a support group requiring frequent, at times daily, contact with a group of fellow church members concerning his progress towards reform.

**ANALYSIS**

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 129 S. Ct. 890, 891–92 (2009); *see also United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence); *United States v. Bush*, 523 F.3d 727, 729 (7th Cir. 2008) (same). Here, the primary issue involves

the second step, the application of the criteria set forth in § 3553(a) to the facts and circumstances of the Defendant's particular case. In imposing a sentence, § 3553(a) requires a court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
> (3) the kinds of sentences available;
> (4) the advisory guideline range;
> (5) any pertinent policy statements issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, a court must impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: just punishment, respect for the law, deterrence, protection of the public, and rehabilitation of the defendant. In making this determination, a district court may not presume that the guideline sentence is the correct one. *Nelson*, 129 S. Ct. at 892; *Rita v. United States*, 551 U.S. 338, 351 (2007). When evaluating the Guidelines recommendation, a court may consider whether the Sentencing Commission fulfilled its "characteristic institutional role" in adopting the particular guideline, *see Kimbrough v. United States*, 552 U.S. 85, 109 (2007), and the court may reject any guideline on policy grounds, *United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other

relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

In this case, the statute requires a 5-year minimum term of imprisonment, with a maximum term of 20 years. 18 U.S.C. § 2252(b)(1). The Guideline range for the Defendant's conviction, including the enhancements counted against him and the acceptance of responsibility in his favor, is 151 to 188 months of imprisonment and supervised release of 5 years to life. The Court is aware that the Commission and many other individuals and groups scrutinizing federal sentencing have suggested a need to reassess the Guidelines with respect to child exploitation crimes and consider reforms. The Defendant argues that the child pornography Guidelines do not deserve the same weight inherent in other guidelines because they did not result from careful study based in empirical analysis and national experience, but are the result of Congressional mandates. *See, e.g., United States v. Huffstatler*, 571 F.3d 620, 622–23 (7th Cir. 2009) (collecting district court cases relying on this rationale); *see also* United States Sentencing Commission, *The History of the Child Pornography Guidelines*, Oct. 2009.

The Defendant has asked the Court to sentence him below the advisory guideline range of 151 to 188 months, and instead impose a sentence of 60 months, which is the statutory mandatory minimum sentence. The Defendant argues that several of the enhancements under Sentencing Guideline §2G2.2 for child pornography offenses do not reflect empirical data and have no rational basis. The Defendant argues that the enhancement for his use of a computer and the enhancement for the number of images do not reflect upon his culpability. The Defendant requests that the Court take into account what he believes to be extraordinary steps towards admission of guilty and rehabilitation and a life of service and good works. He argues that his ties

5

to his family and his church community and the steps he had already taken show that he is at a very low risk of re-offending. He also asserts that a sentence of 60 months would adequately punish him, provide an adequate time for the Bureau of Prisons to assess and address concerns, and would insure the protection of the public through the terms and conditions of supervised release. The Government opposes a sentence outside the advisory Guideline range and argues that the Guidelines were properly promulgated and supported by research.

"[J]udges across the country have declined to impose sentences within the range" recommended by Guideline § 2G2.2. *United States v. Diaz*, 720 F. Supp. 2d 1039, 1041 (E.D. Wis. 2010) (collecting cases). The Second Circuit has called the section "an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results." *United States v. Dorvee*, 604 F.3d 84, 98 (2d Cir. 2010). The enhancements discussed below, particularly as applied in this case, fail to distinguish between the offense of an average viewer of child pornography and an egregious level of commercial distribution. Instead the Guidelines frequently recommend, for the average offender under the statute, sentences perhaps only appropriate for the serious commercial distributor of child pornography. *See id.* at 96; *United States. v. Riley*, 655 F. Supp. 2d 1298 (S.D. Fla. 2009) ("This Court does not believe it is appropriate for a fairly typical first time offender who was not involved in the production or widespread distribution of child pornography to receive the maximum sentence of 20 years, when Congress has indicated that this crime can be punished by a range of 5 years to 20 years.").

Even though the Defendant's Guideline range does not approach the 20-year statutory maximum, at least three enhancements (the computer enhancement, the number of images enhancement, and the enhancement for distribution) lead to an inaccurate indication of the

severity of the offense and do not serve to promote the goals of punishment in this case. The Court previously explained the relevant criticism and limited relevance of the enhancement for the use of a computer in *United States v. Tapp* and relies on that analysis here. 1:09-CR-123-TLS, 2010 WL 4386523, at *6 (N.D. Ind. Oct. 28, 2010 ). In this case, as in *Tapp*, the computer enhancement does not correspond to an elevated seriousness of the offense or to any of the purposes of punishment. As acknowledged by the Government, a computer makes it easier to receive images with just a few keystrokes, particularly where, as here, the Defendant acknowledges that he was already looking at adult pornography. This ease of access suggests that very little forethought or planning are necessary. The fact the offense is easier to commit through the use of technology does not necessarily render it more serious.

Similarly, the Court finds that an application of the two-point enhancement for distribution of images, given the actions of the Defendant in this case, would yield a sentence that is greater than necessary to achieve § 3553(a)'s purposes. The Defendant shared images among an e-group of individuals by uploading approximately 144 images to a website used by the group. The most recent upload was made in January 2008, more than a year before the Defendant learned that he was being investigated. This conduct is not as culpable as providing continuous general public access to all of the offending images and even less so to more sustained, active dissemination of the images or distribution for commercial gain. No facts allege that the Defendant distributed for any kind of pecuniary gain, nor that he distributed to a minor. This enhancement does not accurately measure the Defendant's culpability under the facts before the Court, as nothing about the distribution in this case renders the Defendant "an atypical or particularly culpable defendant." *Burns*, 2009 WL 3617448, at *13; *see also United States v.*

*Brasfield,* 2011 WL 3844181, at *4 (E.D. Wis. August 29, 2011) (describing distribution by file sharing as "a typical method by which such images are obtained"). Furthermore, because the crime of conviction itself already contains distribution as an element this element is already accounted for, to some extent, in the initial offense level. *See id.* ("While this may not technically be double counting . . . it does not make a great deal of sense either.") Accordingly, the Court finds that applying the 2-level enhancement for distribution to the facts of this case would result in a sentence that is greater than necessary to satisfy the purposes of punishment.

Likewise, the enhancement for the number of images does not further the purposes of punishment in this Defendant's case, and empirical data is lacking as to this enhancement. A large number of images can be quickly amassed over a short period of time as a result of file swapping over the Internet, and the Defendant's computer contained 4,000 images of child pornography. Although the Guidelines provide for a 5-level enhancement for more than 600 images, a 4-level enhancement for 300 to 600 images, a 3-level enhancement for 150 to 300 images, or a 2-level enhancement for 10 to 150 images, these distinctions are not linked to any empirical data pertaining to sentencing and the purposes of punishment, and in this case they do not provide an accurate indication of culpability. Accordingly, a 5-point enhancement to the Defendant's base offense level for the number of images yields a sentence that is greater than necessary to achieve § 3553(a)'s purposes.

For these reasons, the Court will not give deference to the increase in the advisory Guideline sentence that is brought about by these specific offense characteristics.

In consideration of the characteristics of the Defendant, the Court notes that the Defendant has taken significant steps towards rehabilitation including counseling, admitting his

actions before his church community, and regularly meeting with fellow church members who have volunteered to keep him accountable on his promise to reform. The Defendant appears, from his testimony before this Court, to be highly motivated to never repeat the offending behavior. The Court does not find the Defendant's family circumstances, particularly his relationship with, or the care of, his son, to be either aggravating or mitigating.

The Government advances several arguments against the Defendant's requested variance. First, the Government argues the Defendant's limited distribution of child pornography should not mitigate. The Government argues further that the Defendant's longstanding ties to his local community make his crime more serious because they undermine the public's perception of safety, that the large number of images possessed by the Defendant militate for a serious sentence, that a Guidelines sentence would be a just punishment, and that a Guidelines sentence is necessary to protect the public from the Defendant in the future. Finally, the Government argues, "the more correctional treatment, the better." (Gov't Opp'n 8, ECF No 42.)

The Court has already addressed the Defendant's limited distribution as compared to more significant distribution or distribution for profit. Under the facts before the Court, the Court does not find the Defendant's distribution to be aggravating.[1] If anything, only the limited nature, uploading 144 images over two sessions, likely distinguish the Defendant's distribution from the typical distribution case.

As to the argument that the Defendant's longstanding ties to the local community should

---

[1] The Government argues that the Defendant "allow[ed] others free roam of the child pornographic images on his computer." (Gov't Opp'n 6, ECF No. 42.) However, the facts before the Court do not indicate that the Defendant took any such action. The Court notes that the Government's brief filed in another case pending before the Court, *United States v. Schinbeckler*, contains identical language. Government's Opposition to Imposition of Sentence Outside Advisory Guideline Range at 2 *United States v. Schinbeckler*, No. 1:09-CR-77 (N.D. Ind. June 2, 2011), ECF No. 74. It appears that this argument pertains to that case and not to the Defendant in this one.

be counted against him, the Court disagrees. As the Defendant argues, his proven ability to properly function within his community, involve himself with a support network through his church, participate in regular counseling, and to contribute to his community at least suggest he has the ability to reintegrate in his community, and the Court will consider them with respect to his history and personal characteristics under §3553(a). The Government argues that the Defendant's church support group's dependence on the Defendant's honesty, because the group does not constantly supervise the Defendant, should prevent the Court from considering his participation in the group as mitigating evidence. The Court, however, finds no problem in looking to the Defendant's testimony, and the testimony of members of his community, mitigating where, as here, the testimony demonstrated significant effort towards reform and acceptance of responsibility.

On the question of what punishment is necessary to promote respect for the law, to provide just punishment, and to protect the public from future crimes of the Defendant, the Court also finds the Government's reasoning unpersuasive. The Court finds that a sentence outside the Guidelines will in every way promote respect for the law and be just retribution for the Defendant's crime. With regard to these factors the Government relies principally on the underlying elements of the crime of conviction and thereby provides little support for a significantly more harsh sentence than the sentence provided by the statutory minimum for the crime.

The Government provides no support for its argument that only a Guidelines sentence will provide the Defendant with the treatment he needs ("the more correctional treatment, the better"). The evidence before the Court suggests a sentence of fewer than 151 months will still allow the Defendant to complete the educational, vocational, or other correctional treatment he

needs.

Finally, the Court finds the Government's argument about the need for the sentence to reflect the seriousness of the offense given the number of images to be persuasive, but upon a balance of the § 3553(a) factors, not controlling in this case. The Defendant possessed a significant amount of illicit material—approximately 4,000 images.[2] Although the Court does not find empirical support for the graduated number of images enhancements under the Guidelines, the Court understands that there is an appreciable difference between someone in possession of four images and someone in possession of 4,000, and the Court is aware of the need to avoid unwarranted sentence disparities for similarly-situated defendants under § 3553(a)(6). *See United States v. Borho*, 485 F.3d 904, 910 (6th Cir. 2007) (discussing the need to at least consider the number of images in order to prevent sentence disparities). However, the Court finds the speed and ease with which large numbers of images can be downloaded to be significantly mitigating. *Diaz*, 720 F. Supp.2d at 1042 ("offenders readily obtain the necessary number of images with minimal effort"); *Burns*, 2009 WL 3617448, at *7 ("the number and type of images received is frequently accidental"). No evidence before the Court directly connects the number of images possessed by the Defendant to his level of culpability. The number of images in this case supports the need for a significant sentence but provides no grounds, under the §3553(a) factors, for a significant upward departure in punishment in comparison to the typical offense under the statute.

---

[2] The Government argues that the Defendant had approximately 11,783 images of child pornography. (Gov't Opp'n 7.) However, the PSR at ¶19, to which the neither party objects, indicates that the Defendant's hard drive contained approximately 4,000 such images. The number of still images and videos (converted to images under the Guidelines) presented in the Government's brief appears to be mistakenly taken from the allegations in *United States v. Schinbeckler*. Government's Opposition to Imposition of Sentence Outside Advisory Guideline Range at 3 *United States v. Schinbeckler*, No. 1:09-CR-77 (N.D. Ind. June 2, 2011), ECF No. 74.

The receipt, distribution, and possession of child pornography is a form of sexual exploitation of the most vulnerable members of our society, and thus a serious offense. Five years of imprisonment is also a serious sentence, and it is sufficient to promote respect for the law and to provide just punishment, deterrence, protection for the public, and rehabilitation. A term of 151 months of imprisonment would no better serve these goals. The Court finds that 5 years of imprisonment, combined with supervised release, is sufficient time for the Defendant to address those issues that caused him to disregard the well being of those who have been harmed by his actions. The term of supervised release will provide additional time to monitor the Defendant's actions with respect to the possession of pornographic matter. Finally, this Court's review of similar cases across the country and in this Circuit suggests that a term of 5 years would not create unwarranted sentencing disparities among defendants. *Brasfield*, 2011 WL 3844181, at *4 n.5 ("statistics show that judges sentenced within the child pornography guideline in barely 40% of cases in fiscal year 2010").

## CONCLUSION

For the foregoing reasons, the Court finds that a sentence of 60 months is sufficient to meet the purposes of punishment in this case and is consistent with the statute. The Court confirms the sentencing hearing set for September 26, 2011, at 11:00 AM.

SO ORDERED on September 23, 2011.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT